UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALI MOORE,

                     Plaintiff,

          -against-

CITY OF NEW YORK, et al.,

                   Defendants.

24-CV-6635 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated November 15, 2024, the Court dismissed this action because Plaintiff did not pay the fees or ask that the fees be waived. After judgment was entered and the Clerk's Office closed this case, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") and a motion for reconsideration, asking the Court to reopen this matter. On February 20, 2025, the Court granted Plaintiff's motion for reconsideration and directed the Clerk of Court to reopen this action. The Court granted Plaintiff's IFP application on March 25, 2025.

On July 14, 2025, Plaintiff filed a second amended complaint, a motion to stay, a motion to correct error and to object to acceptance of new amended complaint, and a motion to strike the amended complaint.

For the following reasons, the Court directs Plaintiff to file a third amended complaint and denies Plaintiff's motions.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474

(2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action against over 40 defendants, who mostly appear to be New York

City Police Department officers and hospital staff employed at Lincoln Hospital and St. Lukes

Hospital. He describes facts regarding five sets of incidents. The following facts are drawn from

the second amended complaint.[1]

1. **On or about June 20, 2020,** the Civil Complaint Review Board ("CCRB")

   "prematurely closed the case after I received an email from Jonathan Darche,

   Executive Director, [also] on June 20, 2020. I firmly believe this was a premeditated

   setup, reinforced by an encounter with Sergeant Pierre at a social event that same

   month. This suggests potential collusion between the CCRB, Pierre, and certain social

   media influencers." (ECF 19, at 31.)

2. **October 1, 2021**, Defendants Officers Castellucio, Maldonado, Rosas, and John Doe

   police officers arrested Plaintiff and brought him to Harlem Hospital. At Harlem

   Hospital, he underwent a psychiatric evaluation. On October 2, 2021, he was

   released. (ECF 19, at 27-29.)

---

[1] The Court quotes from the third amended complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

3.  **On October 5, 2021**, Officers Castro, Patricio, Vasquez, and John Doe officers entered Plaintiff's apartment and brought him to St. Luke's Hospital. (*Id.* at 30.)

4.  **On August 26 – August 29, 2021, and August 31, 2021**, Plaintiff "kept seeing two men do the same thing over and over again, they said don't forget. He was in a truck holding out two dollars. Doing the same thing over and over again and driving in the same spot. Also I saw the same guy from New York City in the LA train system. Also saw black gentlemen said something that reminded me of something from the past. I will have to explain everything (*Id.* at 31.)

5.  **On August 28, 2021**, Plaintiff "awoke in a paralyzed state, unable to move my body. Shortly afterward, I received a call from an individual named Mr. Walker. My body was in significant pain for the next two to three days. This distressing experience mirrored crimes previously discussed in Mafia 21, heightening my suspicion. I also noticed a large, hostile crowd outside my residence, and, more alarmingly, my bathroom vent had been unscrewed, suggesting tampering." (*Id.* at 31.)

Plaintiff filed another action in this court, *see Moore v. City of New York*, No. 23-CV-1300 (ER), where he asserted claims in his original complaint, arising from the alleged events that occurred on October 1, 2021, and on October 5, 2021, *see* ECF 1:23-CV-1300, 1. It appears, however, that in his amended and second amended complaints filed in that action, he did not include allegations regarding these events. *See* ECF 1:23-CV-1300, 8, 57.

## DISCUSSION

A.    **June 20, 2020**

The claims brought here regarding the CCRB appear to relate to claims he asserted in his other pending action in this court, *Moore*, No. 23-CV-1300. On May 9, 2023, the court dismissed the claims against the CCRB under the New York City Charter because it does not have the

capacity to be sued. *See id.* (Doc. No. 5, at 3.) To the extent Plaintiff seeks to reassert these

claims, the Court dismisses them because Plaintiff cannot sue the CCRB. The Court therefore

dismisses these claims for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.**     **October 1, 2021 – October 5, 2021 Allegations**

Plaintiff asserts claims regarding his October 1, 2021 and October 5, 2021 arrest and

hospitalization. The second amended complaint, however, does not comply with Rule 8 of the

Federal Rules of Civil Procedure. The Court therefore grants Plaintiff 30 days' leave to file a

third amended complaint as set forth below.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and

plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief

if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all

well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's

favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept,

however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal

conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions

from well-pleaded factual allegations, the court must determine whether those facts make it

plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff does not provide enough information for the Court and the named defendants to

determine whether his allegations plausibly suggest that he is entitled to relief from the

defendants. Because Plaintiff names over 40 defendants, it is unclear who Plaintiff intends to sue

with respect to the events that transpired on October 1, 2021, and October 5, 2021. Moreover,

while it appears that events involving New York City police officers and hospital staff at Lincoln

Hospital and St. Luke's Hospital transpired, the complaint does not plead facts describing what

exactly occurred and why Plaintiff believes each of the named defendants violated his rights. Without concrete facts describing what occurred in October 2021, the defendants cannot respond to the amended complaint.

Accordingly, the Court grants Plaintiff leave to file a second amended complaint to state facts suggesting that he is entitled to relief from the named defendants with respect to the events that transpired on October 1, 2021, and October 5, 2021. This leave of court is limited to those defendants involved personally in violating Plaintiff's rights on those two dates.

**C.     August 26 – August 29, 2021, and August 31, 2021 Allegations**

Plaintiff's allegations concerning events that occurred in August 2021 do not state a claim against any of the named defendants because there are no facts included in these allegations that pertain to the named defendants. Plaintiff describes seeing people, one of whom reminded him of something from his past. The Court dismisses Plaintiff's claims arising from these incidents for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     August 28, 2021 Allegations**

Plaintiff contends that Officer Pierre retaliated against him after Plaintiff filed a complaint with the CCRB, but he does not state any facts describing Pierrer's conduct, including how he retaliated against him. This claim therefore also fails to state a claim on which relief may be granted, and the Court dismisses this claim on this basis, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

5

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 30 days' leave to amend to provide more facts about his claims concerning events that occurred on October 1, 2021, October 5, 2021, and August 28, 2021. First, Plaintiff must name as the defendants in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights.

Second, in the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the third amended complaint that Plaintiff wants the Court to consider in deciding whether the third amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  **a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;**

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Third Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

Essentially, Plaintiff's third amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's third second amended complaint will completely replace, not supplement, the second amended complaint, any facts or claims that Plaintiff wants to include from the second amended complaint must be repeated in the third amended complaint.

Finally, the Court strongly suggests that Plaintiff use the attached Third Amended Complaint form and to limit his pleading to 20 pages.

## MOTIONS

Plaintiff asks to stay this proceeding because there is a related case – this case – that is pending. (ECF 21.) The Court denies this motion. Plaintiff also asks the Court "not to accept complaint [I] jus[t] amended." (ECF 22.) The Court denies this motion. Finally, Plaintiff asks the Court to strike the amended complaint because it contains errors and mistakes. (ECF 23.) The Court denies this motion because Plaintiff's second amended complaint replaces his amended complaint.

## CONCLUSION

Plaintiff is granted leave to file a third amended complaint that complies with the standards set forth above. Plaintiff must submit the third amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as a "Third Amended Complaint," and label the document with docket number 24-CV-6635 (LTS). A Third Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the second amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court directs the Clerk of Court to terminate Plaintiff's motions docketed at ECF 21-ECF 23.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    November 12, 2025
          New York, New York

_/s/ Laura Taylor Swain_
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 1/9/17

## I.    BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

### A.    If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.    If you checked Diversity of Citizenship

#### 1.    Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                            (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of

        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name              Middle Initial          Last Name

_____

Street Address

_____

County, City                  State            Zip Code

_____

Telephone Number              Email Address (if available)

Page 3

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

    First Name          Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City          State          Zip Code

Defendant 2:

    First Name          Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City          State          Zip Code

Defendant 3:

    First Name          Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City          State          Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State            Zip Code

## III.  STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

| Street Address |
|---|

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes    ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

**United States District Court**
**Southern District of New York**

## Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

### IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

500 PEARL STREET | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601

PRO SE INTAKE UNIT: 212-805-0175

rev. 2/9/15

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1.  I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2.  I have established a PACER account;

3.  I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4.  I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5.  I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6.  I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____

Name (Last, First, MI)

_____

Address          City          State          Zip Code

_____

Telephone Number          E-mail Address

_____

Date          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007